**RECORD NO. 14-4521**

In The

# United States Court Of Appeals
## For The Fourth Circuit

— ◆ —

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

# JOHN GUY DAVIS, IV,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

_____

**BRIEF OF APPELLANT**
_____

Seth Neyhart, Esq.
ATTORNEY AT LAW
6011 Farrington Road
Suite 300
Chapel Hill, NC 27517
(919) 490-5550

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ............................................................................ ii

NATURE OF THE APPEAL ..........................................................................1

STATEMENT OF JURISDICTION.................................................................1

STATEMENT OF THE ISSUES......................................................................2

STATEMENT OF THE CASE ........................................................................2

SUMMARY OF ARGUMENT ........................................................................8

ARGUMENT ...................................................................................................9

    I.      Appellant's Guilty Plea Was Knowing and Voluntary. ........................9

          A.    Standard of Review................................................................9

          B.    Discussion ..............................................................................9

    II.     Appellant's Sentence Was Not Procedurally or Substantively Unreasonable ...................................................................................11

          A.    Standard of Review..............................................................11

          B.    Discussion ............................................................................11

CONCLUSION ..............................................................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

Anders v. California,
　　386 U.S. 738 (1967).................................................................passim

Gall v. United States,
　　128 S. Ct. 586 (U.S. 2007) ...........................................................12

McCoy v. Wisconsin,
　　486 U.S. 429 (1988)...................................................................1, 8

Penson v. Ohio,
　　488 U.S. 75 (1988)....................................................................1, 8

United States v. Caplinger,
　　339 F.3d 226 (4th Cir. 2003) ........................................................11

United States v. Carter,
　　564 F.3d 325 (4th Cir. 2009) ........................................................13

United States v. Gomez-Jimenez,
　　750 F.3d 370 (4th Cir. 2014) ........................................................14

United States v. Johnson,
　　445 F.3d 339 (4th Cir. 2006) ........................................................13

United States v. Mendoza-Mendoza,
　　597 F. 3d 212 (4th Cir. 2010) .......................................................14

United States v. Wilkinson,
　　590 F.3d 259 (4th Cir. 2010) ........................................................11

**STATUTES:**

18 U.S.C. § 2...............................................................................3

18 U.S.C. § 924(c) ....................................................................3, 10

18 U.S.C. § 3231 ...........................................................................1

18 U. S.C. § 3553(c) ........................................................................13

18 U.S.C. § 3553(a) ...........................................................11, 12, 13, 14

21 U.S.C. § 841(b)(1)(B) ....................................................................3

21 U.S.C. § 846 ...................................................................................3

21 U.S.C. § 856(a)(1) ..........................................................................3

21 U.S.C. § 856(b) ..............................................................................3

28 U.S.C. § 1291 .................................................................................1

**RULE:**

Fed. R. Crim. P. 11...................................................................3, 4, 10

**SENTENCING GUIDELINE:**

U.S.S.G. § 2D1.1(b)(12) ....................................................................7

## NATURE OF THE APPEAL

The undersigned appointed counsel for Appellant John Guy Davis, IV (hereinafter "Mr. Davis" or "Appellant") is submitting this brief to the Court pursuant to the decision in <u>Anders v. California</u>, 386 U.S. 738 (1967), as more fully explained in <u>McCoy v. Wisconsin</u>, 486 U.S. 429 (1988), and <u>Penson v. Ohio</u>, 488 U.S. 75 (1988).  Undersigned counsel has determined, after a careful examination of the record, that Mr. Davis has no meritorious grounds for a direct appeal. Undersigned counsel has, however, set forth below two issues for the Court's consideration.  Concurrent with the service of this <u>Anders</u> brief, the undersigned will also inform Mr. Davis of his right to file a *pro se* supplemental brief raising any additional issues within a reasonable time.

## STATEMENT OF JURISDICTION

This appeal is from a criminal judgment of the United States District Court for the Middle District of North Carolina.  On June 24, 2014 the criminal judgment was entered sentencing Mr. Davis to 29 months of imprisonment, three years supervised release, and a $100.00 special assessment.  The undersigned filed a notice of appeal on behalf of Mr. Davis on July 7, 2014.  The district court's subject matter jurisdiction was derived from 18 U.S.C. § 3231.  This Court has jurisdiction by virtue of 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

After an extensive review of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf. Nevertheless, the undersigned raises the following issues on behalf of Appellant for the Court to consider:

I.      Whether Appellant's Plea Agreement Was Knowing and Voluntary

II.     Whether Appellant's Sentence Was Procedurally and Substantively Unreasonable.

Finally, in addition to any specific issues discussed in this brief, the Court must review the entire record in this case to determine whether there are any meritorious issues that the undersigned counsel has overlooked.

## STATEMENT OF THE CASE

On September 30, 2013 a federal grand jury returned a seven count Indictment against Mr. Davis, his father, John Guy Davis, III, and his brother, Jacob Michael Davis. [Docket No. 1.] A seven count Superseding Indictment was issued on December 16, 2013. [Docket No. 37.] Count One of the Superseding Indictment charged that from in or about 2012, continuing up to and including on or about April 30, 2013, in Alamance and Orange Counties and elsewhere, Appellant and his coconspirators conspired to manufacture 100 or more marijuana plants, and distributed a quantity of a mixture and substance containing a detectable amount of

2

marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Counts Two through Four did not pertain to Appellant. Count Five charged that on or about April 30, 2013, Appellant and his brother manufactured 100 or more marijuana plants. Count Six charged that on or about April 30, 2013, Appellant and his brother maintained a residence located at 7715 #E Leak Lane, Chapel Hill, NC for the purpose of manufacturing, distributing, and using marijuana, in violation of 21 U.S.C. §§ 856(a)(1) and (b) and 18 U.S.C. § 2. Count Seven charged Appellant and his brother with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [Docket No. 37.]

On February 10, 2014, Mr. Davis pled guilty to Count One, Object Two of the Superseding Indictment pursuant to a written Plea Agreement which calls for the dismissal of all remaining counts. [Docket No. 74.] The Plea Agreement also contained an appeal waiver. [Docket No. 40.]

At Mr. Davis' Rule 11 change of plea hearing, he stated under oath that he had enough time to consult with his attorney about his case. [Plea Hrg. Tr. at 8.] He stated that he had fully discussed the charges with his attorney as well as his situation, the evidence against him, and any defenses he might have. [Plea Hrg. Tr. at 8.] He stated that he was satisfied with his attorney's representation. [Plea Hrg. Tr. at 8-9.]

3

At the Rule 11 hearing, the trial judge advised him that if he did not plead guilty, a jury would determine his guilt, that he would be presumed innocent at trial and that the United States is required to prove his guilt beyond a reasonable doubt before he could be found guilty, including each and every element of the crime charged.  Mr. Davis acknowledged that he understood those rights.  [Plea Hrg. Tr. at 9-10.]

The trial judge advised Mr. Davis that he had the right to the assistance of counsel at all stages of the proceedings, including a trial, and that if he pled not guilty, his attorney would continue to represent him at trial at no cost.  [Plea Hrg. Tr. at 10.]  The trial judge also advised him that he had the right to be present at trial and see and hear all the testimony of all the witnesses, to confront the witnesses and ask them questions on cross examination, and compel the attendance of witnesses to testify in his defense at no cost to him.  [Plea Hrg. Tr. at 10.] Mr. Davis indicated that he understood these rights.  [Plea Hrg. Tr. at 10.]  Finally, the trial court advised Mr. Davis that he had the right to present evidence on his behalf and testify, but that no one could force him to testify and that the jury would be instructed that they cannot hold the fact that he did not testify against him.  [Plea Hrg. Tr. at 10-11.]  Mr. Davis indicated that he understood this fact and that he was waiving all of his trial related rights by entering into a guilty plea.  [Plea Hrg. Tr. at 12.]

The undersigned was then requested by the Court to summarize the written plea agreement, and did so. [Plea Hrg. Tr. at 15-17.] Mr. Davis' plea agreement contained an appeal waiver, which was described in the summarization. [Plea Hrg. Tr. at 17.] Mr. Davis confirmed that the written plea agreement contained all of the terms and conditions of his plea arrangement, and that no promises were left out. [Plea Hrg. Tr. at 17.] Mr. Davis stated that there were no threats or force used against him to get him to sign the plea agreement, and that he understood that any projections or recommendations concerning what his sentence might be are not binding on the sentencing judge and would not be reasons to take back his guilty plea. [Plea Hrg. Tr. at 18.]

The trial court explained to Mr. Davis the elements of Count One, Object 2, conspiracy to distribute marijuana, and he stated that he understood those elements. [Plea Hrg. Tr. at 19-20.] Mr. Davis acknowledged that he understood that if he pled not guilty, the Government would have to prove those elements beyond a reasonable doubt, but if he did plead guilty, he was admitting these things. [Plea Hrg. Tr. at 20.] The trial court then told Mr. Davis that his crime carried a possible maximum punishment of 20 years in prison, supervised release for at least 3 years, a fine of up to $1,000,000.00, forfeiture, restitution, and a special assessment of $100.00. Mr. Davis stated that he understood the possible penalties for the crime. [Plea Hrg. Tr. at 20.]

After explaining the meaning of supervised release, the trial court then informed Mr. Davis of other consequences of a guilty plea, including that he would have a felony conviction on his record, and would lose certain civil rights, such as the right to vote, hold public office, serve on a jury, and the right to possess a firearm and ammunition.  Mr. Davis indicated that he understood those consequences.  [Plea Hrg. Tr. at 21.]

After explaining the sentencing process, the trial court asked Mr. Davis whether or not anyone made any promises or guarantees to him about his sentence. Mr. Davis responded: "No, ma'am."  [Plea Hrg. Tr. at 24.]  The trial court then advised Mr. Davis that by entering into the plea agreement, he was waiving the right to appeal the sentence or collaterally attack his conviction, except for the few specific reasons set forth in the plea agreement.  Mr. Davis stated that he understood that.  [Plea Hrg. Tr. at 25.]

Finally, the trial court asked Mr. Davis how he pled, and Mr. Davis said "guilty."  The trial court then asked him whether or not he was pleading guilty because he was, in fact, guilty.  Mr. Davis responded, "yes ma'am."  [Plea Hrg. Tr. at 26.]  The trial court then found that Mr. Davis was competent to enter a plea and that his guilty plea was knowing and voluntary.  [Plea Hrg. Tr. at 26.]  After a discussion of the written factual basis, the court then found that a factual basis existed for the plea and accepted Mr. Davis's guilty plea.  [Plea Hrg. Tr. at 31.]

After the change of plea hearing, the probation office conducted and interview with Appellant and prepared a Pre Sentence Report ("hereinafter PSR").

The PSR calculated an attributable drug weight of 54.66 kilograms of marijuana based upon the drugs seized at 7715 Leak Lane #E, Chapel Hill, NC. These consisted of 495 marijuana plants, 5.161 kilograms of processed marijuana, and 1.623 kilograms of marijuana butter.  PSR, §§ 14, 29.  This weight results in a base offense level of 20.  The PSR enhanced Mr. Davis an additional two levels pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premise for the purpose of manufacturing or distributing a controlled substance, resulting in an adjusted offense level of 22.  PSR, § 34, 39.  After awarding three points for acceptance of responsibility, the PSR calculates a Total Offense Level of 19.  PSR, § 43.

Mr. Davis' criminal history category was calculated at I, resulting in an advisory Sentencing Guidelines imprisonment range of 30 to 37 months.  PSR, § 78. Neither the Government nor Mr. Davis made objections to this range.  The undersigned, however, filed a sentencing memorandum and requested a variance in order to reflect the changes in the drug weight tables that ultimately became effective on November 1, 2014.  Had Mr. Davis been scheduled for sentencing after November 1, 2014, his advisory Sentencing Guidelines range would have been 24 to 30 months.  The undersigned also submitted character reference letters on behalf of Mr. Davis.

At the sentencing hearing, both the Government and Mr. Davis agreed with the probation officer's calculation of the advisory Sentencing Guidelines range. The trial court granted the request for a variance and sentenced Mr. Davis to 29 months of incarceration. [Sentencing Hrg. Tr. at 11.] The court stated that it chose a sentence nearer the high end of the 24 to 30 month range because although it was hard to determine from the record when Mr. Davis began manufacturing and selling marijuana, it had continued "well after his father had been charged and arrested." [Sentencing Hrg. Tr. at 11.]

On June 24, 2014, the written final judgment was issued, which dismissed all remaining counts of the Superseding Indictment other than Count One, Object Two, and sentenced Appellant to 29 months imprisonment, three years of supervised release, and $100.00 special assessment. [Docket No. 61.] On July 7, 2014, the undersigned filed a Notice of Appeal on behalf of Appellant. [Docket No. 64.]

## SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as more fully explained in McCoy v. Wisconsin, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) and Penson v. Ohio, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel for Appellant has determined, after a conscientious examination of the whole record that the Appellant has no meritorious grounds for his appeal.

Nonetheless, this brief is submitted to fulfill the Appellant's desire to pursue an appeal from his conviction and sentence and allow the Court to conduct its own independent review of the District Court's judgment in this case.

Specifically, Appellant's Guilty Plea was knowing and voluntary.  Second, Appellant's sentence was both procedurally and substantively reasonable.

## ARGUMENT

**I.     Appellant's Guilty Plea Was Knowing and Voluntary.**

A.     <u>Standard of Review</u>:

The standard of review of an <u>Anders</u> submission is de novo review of the entire record and all pertinent documents. <u>Anders v. California</u>, 386 U.S. 738 (1967). Also, under the <u>Anders</u> standard, in order to affirm the judgment of the district court, this Court must find that the instant appeal is wholly frivolous. <u>Id.</u>

B.     <u>Discussion</u>:

The undersigned has concluded that there is no non-frivolous argument to be raised on behalf of Mr. Davis concerning the circumstances of his guilty plea. Nevertheless, it is the responsibility of the Court on an <u>Anders</u> submission to independently review the record and all pertinent documents concerning Appellant's guilty plea pursuant to a written Plea Agreement, and make its own determination about this issue.

As set forth above in the discussion of his Rule 11 colloquy, Mr. Davis had ample time and opportunity to consult with the undersigned prior to entering into a plea agreement.  Without revealing any client confidences, the undersigned counsel did in fact investigate several aspects of the case brought up by Mr. Davis and discussed them with Mr. Davis.

The undersigned also supported Mr. Davis' decision to enter into the plea agreement in this case.  Among other items, the plea agreement called for the dismissal of both a charge with a mandatory minimum sentence of five years as well as the dismissal of a 18 U.S.C. § 924(c) charge which, if found by a jury, would have resulted in an additional 5 years of imprisonment consecutive to the sentence imposed for Mr. Davis' other charges.  [Docket No. 40.]

Based, inter alia, on Mr. Davis' responses to the trial court's questions in his Rule 11 colloquy, there is no reason known to the undersigned why Mr. Davis' guilty plea in this case was not knowing and voluntary.  Mr. Davis was made aware of the consequences of his felony guilty plea, including the statutory limits of his punishment and the fact that he had waived his right to appeal.  Nevertheless, it is the responsibility of the Court on an Anders submission to independently review the record and all pertinent documents concerning Mr. Davis' guilty plea, and make its own determination about the circumstances surrounding it in light of his statements when he pled guilty.

10

**II.    Appellant's Sentence Was Not Procedurally or Substantively Unreasonable.**

A.    Standard of Review

The standard of review of an Anders submission is de novo review of the entire record and all pertinent documents. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Also, under the Anders standard, in order to affirm the judgment of the district court, this Court must find that the instant appeal is wholly frivolous. Id.

On appeal of criminal sentences, the Court reviews legal questions, including the interpretation of the guidelines, *de novo*, while factual findings are reviewed for clear error. United States v. Caplinger, 339 F.3d 226, 233 (4th Cir. 2003). The Court's review takes place in two sequential steps. First, the Court must ensure that the district court did not commit a significant procedural error in sentencing. If it did, the Court must vacate and remand for resentencing. United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). If the Court concludes no significant procedural error occurred, the Court then considers the substantive reasonableness of the sentence under an abuse of discretion standard. Id.

B.    Discussion.

The factors to be considered by the Court in determining a sentence are set out in 18 U.S.C. § 3553(a), which states in relevant part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

2)      the need for the sentence imposed—

   a.      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   b.      to afford adequate deterrence to criminal conduct;

   c.      to protect the public from further crimes of the defendant;

   d.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3)      the kinds of sentences available;

4)      the kinds of sentences and the sentencing range established for – the applicable category of offense committed by the applicable category of  defendant as set for in the guidelines…issued by the Sentencing Commission;

5)      any pertinent policy statement…issued by the Sentencing Commission…;

6)      the need to avoid unwarranted sentence disparities among defendants   with similar records who have been found guilty of similar conduct; and

7)      the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  This Court begins the sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall v. United States, 128 S. Ct. 586, 596 (U.S. 2007).  "The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Id.  In so doing, she may not presume that the Guidelines range is reasonable.  Id.  She must

make an individualized assessment based on the facts presented. If she decides that an outside-Guidelines sentence is warranted, she must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. Id. After settling on the appropriate sentence, she must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. Id. While the district court must "'state in open court ' the particular reasons supporting its chosen sentence," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting 18 U. S.C. § 3553(c) (2006)), it need not "robotically tick through § 3553(a)'s every subsection" in explaining its chosen sentence. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

In this case, the trial court adopted the Guideline Range proposed by the Probation Officer and agreed to by the parties. The trial court also granted the motion for variance requested by the undersigned. The trial court, however, did not adopt the sentence requested by the undersigned or by the Government. Instead, the sentence imposed, 29 months, was at the high end of the adjusted advisory Sentencing Guidelines range.

The undersigned has not preserved and is currently not aware of any argument that the trial court erred procedurally. The advisory Sentencing Guidelines range appears to have been calculated correctly. The trial court granted Mr. Davis' motion

for a variance. The trial court recognized its discretion and explained its reason for arriving at its sentence, which was within the requested varied range.

"When reviewing the substantive reasonableness of a sentence, [this Court] 'examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir. 2014) (quoting United States v. Mendoza-Mendoza, 597 F. 3d 212, 216 (4th Cir. 2010)).

Given the fact that the sentence was within the advisory Sentencing Guidelines range, the undersigned does not believe there is a basis to argue that the district court abused its discretion in concluding that the sentence it chose satisfied the Section 3553(a) factors. Nevertheless, it is the responsibility of the Court on an Anders submission to independently review the record and all pertinent documents concerning Appellant's sentence, and make its own determination about this issue.

## CONCLUSION

For the above stated reasons, the undersigned requests that the Court review the entire record in Appellant's case to determine whether there are any meritorious issues, and grant whatsoever other relief the Court may find just and proper.

Respectfully submitted this the 17th day of November, 2014.

<div style="margin-left: 50%;">

/s/ Seth A. Neyhart
Seth Neyhart, Esq.
6011 Farrington Rd., Ste. 300
N.C. Bar No. 27673
Chapel Hill, NC 27517
Phone:  (919) 490-5550
Fax:      (919) 490-5551

</div>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this Appellant's brief contains <u>3,349</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally typeface using <u>Microsoft Word</u> <u>14 point in Times New Roman</u>.

<u>/s/ Seth A. Neyhart</u>
Counsel for Appellant

Dated:  November 17, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 17, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Randall Stuart Galyon
OFFICE OF THE U.S. ATTORNEY
101 South Edgeworth Street
4th Floor
Greensboro, NC  27401

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his

last known address of:

John Guy Davis, IV BOP No. 29527-057
FCI Petersburg Medium
P.O. BOX 1000
Petersburg, VA  23804

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

*/s/ Karen R. Taylor*
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219